## State *v.* Merrill.

Where two distinct offenses are charged in the same indictment, whether in the same count or in different ones, the duplicity will be cured by a verdict of guilty as to one of the offenses, and not guilty as to the other.

But in such a case, if the verdict find the respondent guilty of both offenses charged, and they are punishable by different penalties, the judgment will be arrested.

In such cases, if the prosecuting officer enter a *nol. pros.* as to one of these charges, and proceed to trial upon the other, and the respondent be convicted, judgment will not be arrested.

Where the goods of several persons, lying in the same place, are stolen at one and the same time, such stealing constitutes one entire felony, and the stealing of the whole may well be joined in the same indictment. But the value of each article, and the name of each owner, must be separately and specially alleged.

This was an indictment for larceny, in which the respondent was charged with stealing, on the 2d day of February, 1863, at Northumberland, certain goods and chattels of C. P. True & Co., and certain other goods and chattels of James P. Spaulding.

The respondent having pleaded not guilty, the case came on for trial at this term, when his counsel moved to quash the indictment for the reason, as alleged, that two separate and distinct offenses were set out in one and the same count; but the court overruled the motion, to which the respondent excepted, and the trial proceeded.

The State's counsel offered evidence tending to prove the stealing of the goods of C. P. True & Co., but no evidence of stealing goods of Spaulding, — the counsel for the State having elected not to proceed therefor; and the jury, having returned a verdict against the respondent, his counsel moves that judgment be arrested, because two distinct offenses are laid in one and the same and only count in the indictment.

Evidence was introduced by the respondent, tending to show that the original complaint charged him with the larceny of Spaulding's property, the same as the indictment, and that the property of Spaulding was taken at the same time with that of True & Co., and the questions of law arising in the case were reserved for the determination of the whole court.

*Burns & Fletcher*, for the respondent.

*Ray*, Solicitor, for the State.

SARGENT, J.  In *State* v. *Nelson*, 8 N. H. 163, the defendant was charged with stealing a horse, a saddle, a bridle, and a frock coat from the same person at the same time, and he was convicted of stealing the horse, and also the other property, which was found to be of the value of $19, and the judgment was arrested, because, by statute, horse stealing was made an offense of a different grade from that of stealing the other property ; and the prisoner had been convicted of two crimes, requiring different punishments.  *Commonwealth* v. *Symonds*, 2 Mass. 163, was a case of the same kind.

There can be no doubt that a man may be indicted and convicted for stealing several different articles of property from the same person, at the same time, and if the value of them all is more than $20, it will be grand larceny ; and if less than that sum, petit larceny, where the law makes no distinction between the several kinds of property stolen.  But it is held that duplicity in an indictment, whether in the same count or different ones, will be cured by a verdict of guilty as to one of the offenses, and not guilty as to the other.  Wharton's Am. Cr. Law 98 ; Arch. Cr. Pl. 50.  But where an indictment is bad for duplicity, in charging two offenses in one count, the prosecuting officer may enter a *nol. pros.* as to one charge before trial, and a conviction upon the remaining charge will be good ; or the prosecutor may be held to make his election upon which charge he will proceed, as in this case, which is equivalent to entering a *nol. pros.* as to the other charge.  *Commonwealth* v. *Tuck*, 17 Mass. 365, and cases cited.  We think that the conviction is well enough in this case, even though the indictment were bad as originally drawn, had no part of the charge been abandoned.  *Rex* v. *Smith*, 1 Ry. & M. 295 ; *Lord* v. *State*, 20 N. H. 404.

But it seems, upon the authorities, that the indictment was well enough as originally drawn.  It is held, in 1 Hale's Pl. Cr. 531 (when, by the laws of England, the stealing of money or goods above the value of twelve pence constituted grand larceny), that if, at the same time, a person steals goods of A of the value of six pence, goods of B of the value of six pence, and goods of C of the value of six pence, being, perchance, in one bundle, or upon a table, or in one shop, this is grand larceny, because it was one entire felony, done at the same time ; though the persons had several properties, yet, if in one indictment, they make grand larceny.  The same doctrine is held in 2 East P. C. 740, 741.  So in 2 Russell on Cr. 126, it is said, "But it seems that if the property of several persons, lying together in one bundle or chest, upon the same table, or even in the same house, be stolen together at one time, the value of the whole may be put together, for such stealing is one entire felony."  See, also, 3 Chit. Cr. Law 959, where a form of indictment is given, charging A B with stealing one silver spoon of the value, &c., of the goods and chattels of one J L ; two brass candlesticks of the value, &c., and two linen shirts of the value, &c., of the goods and chattels of one E W, then and there being found, &c.  Wharton's Am. Cr. L. 99 ; *Commonwealth* v. *Williams*, Thatcher C. C. 722 ; Davis Prec. 141, where the form of an indictment is given like the one above referred to from Chitty, and in a note it is

said, "Where the goods of several persons are taken at the same time, the indictment may include the whole; but not so if taken at different times. The value of each article and the name of each owner must be separately and specially alleged," and authorities cited. There must be

*Judgment on the verdict.*