# ONG CHANG WING *v.* UNITED STATES.

ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

·No. 418. · Argued October 21, 1910.—Decided November 7, 1910.

As applied to criminal procedure, if the accused has been heard in a ·court of competent jurisdiction and proceeded against under the orderly processes of law, and only punished after inquiry and investigation on notice with opportunity to be heard, and judgment awarded within the authority of a constitutional law, he has not been denied due process of law.

· The lawmaking power in the Philippine Islands has power to preserve by statutory enactment the right to prosecute and punish offenses committed prior to the repeal of an act defining and punishing the offense; and a decision of the Supreme Court of the Philippine Islands holding that one who committed the offense before the repeal of the act can be punished after the repeal, does not amount to a denial of due process of law within the meaning of the due process clause of the act of July 1, 1902.

THE facts, which involve the validity of a conviction in the Philippine Islands and the construction of the act of July 1, 1902, are stated in the opinion.

*Mr. Charles F. Consaul,* with whom *Mr. Charles C. Heltman* and *Mr. Frank B. Ingersoll* were on the brief, for plaintiffs in error:

The defendants were prosecuted under article 343 of the Penal Code and the act of the Philippine Commission of October 9, 1907, which expressly repealed article 343. There being no saving clause regarding the prosecution of offenses under the repealed articles of the Penal Code, defendants are under both American and Spanish law entitled to an acquittal. 12 "Cyc." 144.

The quotation from Pacheco in *United States* v. *Cuna,*

12 Philippine Rep. 245, does not sustain the decision as there are intimations and even exact declarations to the contrary in Pacheco; and see 1 Viada's Codigo Penal, 402.

Under "due process of law," as that term is used and understood in the United States, and as it was presumably used and understood by Congress when the Philippines Act was enacted, it is not consistent that plaintiffs be punished for infraction of a law which no longer exists on the statute books of the Philippine Islands. See § 10 of the Philippines Act of 1902. This court should construe the term "due process of law" in the same manner as though this case arose in one of the Territories of the United States, unhampered by any theory advanced by the Supreme Court of the Philippines as to what may have been the Spanish law relative to the effect of the repeal of a penal statute.

The Supreme Court of the Philippines erred in its statement of the rule incident to the Spanish law upon this point.

Even were the Supreme Court of the Philippines correct in its statement of the Spanish rule, yet still its judgment should be reversed because utterly repugnant to the definition of the term "due process of law" as used by Congress in the Philippines Act.

There is no substantial difference between the repeal of the statute under which the accused is prosecuted and a pardon. Both wipe out the offense and neither can be ignored by the court.

The decision of the Supreme Court of the Philippines was not in accord with the principles of the common law. *United States* v. *Peggy*, 1 Cranch, 103; *Yeaton* v. *United States*, 5 Cranch, 281. After the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force, unless special provision be made for that purpose by statute. 12 "Cyc." 144. And see *Jordan* v. *State*, 15

Alabama, 746; *Commonwealth* v. *Jackson*, 2 B. Mon. (Ky.) 402; *Keller* v. *State*, 12 Maryland, 322; *Commonwealth.* v. *McDonough,* 13 Allen (Mass.), 581; *Commonwealth* v. *Marshall*, 11 Pick. 350; *Teague* v. *State*, 39 Mississippi, 516; *State* v. *Long*, 78 N. C. 571; *Commonwealth* v. *Duane*, 1 Binn. (Pa.) 601; *Commonwealth* v. *Dolan*, 4 Pa. Co. Ct. 287; *State* v. *Lewis*, 33 S. E. Rep. 351 (S. C.); *State* v. *Mansel*, 52 S. C. 468; *Greer* v. *State*, 22 Texas, 588; *Halfin* v. *State*, 5 Tex. App. 212; *Roberts* v. *State*, 2 Overt. (Tenn.) 423; *Wharton* v. *State*, 5 Coldw. (Tenn.) 1; *Bennett* v. *State*, 2 Yerg. 472 (Tenn.).

Even when an indictment has been found and a prosecution is pending under a statute at the time of its repeal, without a saving clause, there can be no conviction under the statute after the repeal. *Carlisle* v. *State*, 42 Alabama, 523; *Griffin* v. *State*, 39 Alabama, 541; *Mayers* v. *State*, 7 Arkansas, 68; *People* v. *Tisdale*, 57 California, 104; *Day* v. *Clinton*, 6 Ill. App. 476; *Hartung* v. *People*, 22 N. Y. 95; *United States* v. *Passmore*, 4 Dall. 372; *United States* v. *Finlay*, 25 Fed. Cas., No. 15,099; *Regina* v. *Mawgan*, 8 A. & E. 496.

Even when the statute is repealed after the accused has been convicted, judgment must be arrested. *Commonwealth* v. *Jackson*, 2 B. Mon. (Ky.) 402; *Commonwealth* v. *Kimball*, 21 Pick. 373; *Commonwealth* v. *Marshall*, 11 Pick. 350.

And if an appeal from a conviction is pending when the statute is repealed, the judgment of conviction must be set aside and the indictment quashed. *Speckert* v. *Louisville*, 78 Kentucky, 287; *Smith* v. *State,* 45 Maryland, 49; *Keller* v. *State*, 12 Maryland, 322; *Commonwealth* v. *Kimball*, 21 Pick. 373; *Commonwealth* v. *Marshall*, 11 Pick. 350.

This is so even though argument has been heard and the appeal dismissed, *Keller* v. *State*, 12 Maryland, 322, or where the repeal takes place pending the proceedings,

*State* v. *Henderson*, 13 La. Ann. 489; *Wall* v. *State*, 18 Texas, 682.

A party cannot be convicted, after the law under which he may be prosecuted has been repealed, although the offense may have been committed before repeal. Dwarris, 670; 1 Kent, 465; *State* v. *Railroad Co.*, 12 G. & J. 399. The same principle applies where the law is repealed, or expires pending an appeal on a writ of error from the judgment of an inferior court. *Yeaton* v. *United States*, 5 Cranch, 581; *United States* v. *Ship Helen*, 6 Cranch, 203; *United States* v. *Preston*, 3 Peters, 57; *Maryland* v. *Railroad Co.*, 3 How. 534; *Smith* v. *State*, 45 Maryland, 49.

*Mr. Edwin P. Grosvenor*, Special Assistant to the Attorney General, with whom *Mr. William S. Kenyon*, Assistant to the Attorney General, was on the brief, for the United States:

The right asserted by plaintiffs in error that they go free, in spite of the fact that statute No. 1757, which repealed article 343, preserved gambling among the list of punishable offenses, is not an element of due process of law.

While it was the intention of Congress by § 5 of the act of July 1, 1902, to carry some at least of the essential principles of American constitutional jurisprudence to these islands, and to engraft them upon the law of this people newly subject to our jurisdiction, *Kepner* v. *United States*, 195 U. S. 100, 122; *Dorr* v. *United States*, 195 U. S. 138; *Trono* v. *United States*, 199 U. S. 521; *Serra* v. *Mortiga*, 204 U. S. 370, 474; *Weems* v. *United States*, 217 U. S. 349, the guarantees extended to the Philippines are to be interpreted as meaning what the like provisions meant in the United States at the time when Congress made them applicable to the Philippines.

In this case the right asserted by the plaintiffs in error is not an element of "due process of law" within the

meaning given to that phrase by any American court at the time of the enactment of the Philippine bill. See *Twining* v. *New Jersey,* 211 U. S. 78, 110, holding that exemption from compulsory incrimination is not an element of "due process of law."

It is equally clear that the phrase does not include a right like that asserted by these plaintiffs in error.

As the right asserted by the plaintiffs in error does not come within the conception of due process of law, the writ of error must be dismissed, for there is no other ground on which this court can take jurisdiction.

The Philippines assembly had authority to repeal article 343. The repeal of the statute under which they had been convicted did not impair any rights of the defendants.

Whether the Philippine legislature in repealing article 343 should or should not make impossible the execution of sentences imposed under it was a matter for the Philippine legislature. Whether its act did or did not have that effect was a question for the Philippine courts to decide. *United States* v. *Cuna,* 12 Phil. Rep. 241.

This decision of the Supreme Court of the Philippine Islands is conclusive here. *Perez* v. *Fernandez,* 202 U. S. 80; *Kepner* v. *United States,* 195 U. S. 100, 122. Also see the President's instructions for the guidance of the commissioners of the Philippine Islands, April 7, 1900, Comp. Acts of Philip. Comm. 14, ratified by Congress July 1, 1902, 32 Stat. 691.

Even if the rule of the common law were as stated by the plaintiffs in error, the common law has not been extended to the Philippines by any act of Congress. It can be incorporated into the law of those islands only by legislative enactment.

The decision of the Supreme Court of the Philippines was, however, in accord with the principles of the common law. A repeal of a criminal statute for the purpose

of abolishing the crime is to be distinguished from a repeal effected by a merely superseding statute.

After final judgment is pronounced, the power of the court over the subject-matter is at an end; the ministerial act of executing the sentence is all that remains to be done.   *State* v. *Addington,* 2 Bailey's S. C. Law, 516; *Aaron* v. *The State,* 40 Alabama, 307.

Mr. Justice Day delivered the opinion of the court.

The plaintiffs in error bring this case here for review by writ of error. to the Supreme Court of the Philippine Islands, upon the ground that the effect of the judgment of that court has been to deprive them of due process of law, in violation of § 5 of the act of Congress of July 1, 1902, c. 1369, 32 Stat. 691, 692, enacting the due process clause of the Federal Constitution as a part of the statute for the government of those islands. No other question is presented in the record which we can review.

The plaintiffs in error were tried, convicted and sentenced on October 4, 1907, in the court of first instance, for violation of article 343 of the Philippine Penal Code, which makes it an offense to conduct a gambling house, or to be a banker therein. Plaintiffs in error were sentenced in the court of first instance to two months and one day of arresto mayor, with the accessories of article 61, and to pay a fine of 625 pesetas, and in default thereof to suffer subsidiary imprisonment, not to exceed one-third of the principal penalty, and costs.

Upon appeal to the Supreme Court of the Philippine Islands that court held that the guilt of the appellants was fully established, and affirmed the judgment of the court of first instance. In the Supreme Court the plaintiffs in error made the objection, which is the foundation of the proceedings here, that they were convicted under the provisions of article 343 of the Philippine Code for an

offense committed on the fifteenth of September, 1907, that thereafter the Philippine Commission, on October 9, 1907, by an act numbered 1757, repealed, among others, article 343 of the Philippine Penal Code, and that consequently the court had no authority to impose upon the appellants the penalty prescribed in the repealed article of the code. The Supreme Court of the islands denied this contention upon the authority of another decision in the same court. *United States* v. *El Chino Cuna*, 12 Philippine Rep. 241. A reference to the *Cuna case* shows that the Supreme Court of the Philippines, construing the articles of the local Penal Code, and applying what was deemed the applicable Spanish law, held that whether an act was punishable after the repeal of the act under which it was undertaken to be inflicted depended upon whether or not at the time of the commission of the act there was a law in force which penalized it. The court reserved the question whether the punishment provided in the repealing act could alone be inflicted if such penalty is more favorable to the accused than that prescribed in the former act, because of the provisions of article 22 of the code, which provides that penal laws shall have a retroactive effect in so far as they favor persons convicted of a crime or misdemeanor.

It appears that the new act, No. 1757, which took the place of the repealed act, article No. 343 of the Philippine Penal Code, did not undertake to wipe out the offense of gambling, or keeping a gambling house in the Philippine Islands, but substantially reenacted the former law with more elaboration and detail in its provisions than were contained in the former law.

In the new act § 2 defines a gambling house to be a building or structure or vessel, or part thereof, in which gambling is frequently carried on. Under article 343 of the Penal Code of the Philippine Islands, as it existed when the sentence in this case was imposed, the bankers

and proprietors of houses where games of chance, stakes or hazard are played were punished. The decision of the court of first instance, found in the record in this case, held that, in order to punish the crime of gambling, in accordance with article 343 of the Penal Code, it must appear that the house where the gambling took place was a house devoted to encouraging gambling, as held in various decisions of the Supreme Court of Spain applicable to the case at bar, and that such facts had been fully established by the proof in the case.

The sentence imposed was within the limits provided in act No. 1757, under which the keeping of a gambling house can be punished. The case, therefore, presented for our consideration is one of conviction under a statute which was repealed after the conviction and sentence in the court of first instance, the repealing act also providing for the punishment of the same offense and within limitations not exceeded by the sentence imposed under the former act.

The precise question then is, Did the Supreme Court of the Philippine Islands deny the plaintiffs in error due process of law in affirming a conviction under the circumstances stated? It is argued that the Supreme Court of the Philippines misapplied the provisions of the Penal Code and the Spanish law in the light of which it was interpreted. On the part of the Government it is insisted that, even at common law, the affirmation of a conviction under a law valid when it was had was not erroneous, and that it was within the power of a reviewing court so to do; but we are not concerned with this question. Our sole province is to determine whether the judgment of the Supreme Court of the Philippine Islands amounts to a denial of due process of law.

This court has had frequent occasion to consider the requirements of due process of law as applied to criminal procedure, and, generally speaking, it may be said that

if an accused has been heard in a court of competent jurisdiction, and proceeded against under the orderly processes of law, and only punished after inquiry and investigation, upon notice to him, with an opportunity to be heard, and a judgment awarded within the authority of a constitutional law, then he has had due process of law. *Rogers* v. *Peck*, 199 U. S. 425, 435; *Twining* v. *New Jersey*, 211 U. S. 78, and the cases therein cited.

In the present case there can be no doubt that the lawmaking power in the Philippine Islands could by statutory enactment have preserved the right to prosecute and punish offenses committed in violation of the former law while in force in the islands, notwithstanding the repeal of the act. The effect of the decision of the Philippine Supreme Court is to hold that under the law and local statutes, the repealing act reënacting substantially the former law, and not increasing the punishment of the accused, the right still exists to punish the accused for an offense of which they were convicted and sentenced before the passage of the later act. In other words, the effect of the decision construing the local law is to accomplish what it was clearly within the power of the legislative authority to do by an express act saving the right to proceed as to offenses already committed. The accused have not been punished for a crime which was not punishable when committed by the sentence imposed. The Supreme Court has only held that the right to impose the penalty of the law under the Philippine Penal Code has not been taken away by the subsequent statute. We are unable to see that due process of law, which is the right of a person accused of a crime, when prosecuted within a jurisdiction wherein the Constitution of the United States, or a statute embracing its provisions, is in force, has been denied.

The judgment of the Supreme Court of the Philippine Islands will be affirmed.

*Affirmed.*