Rockingham, May 2, 1950. } No. 3873.

STATE *v.* OLIVER GOBIN.

*William L. Phinney*, Attorney General and *Wyman P. Boynton*, County Solicitor (*Mr. Boynton* orally), for the State.

*Oliver Gobin, pro se.*

KENISON, J. The main question in this appeal is whether there was sufficient circumstantial evidence to warrant the jury in finding the defendant guilty of larceny. The defendant did not testify and the only evidence submitted in his behalf was the following statement made to the jury by his attorney. "As part of the defendant's evidence in this case we have agreed to submit to you as evidence that Leo Gobin was indicted for stealing two tires such as have been mentioned here from Mr. Woodbury's garage, and that he pleaded guilty to the larceny of the same. That is evidence that we have agreed upon. With that the defendant rests."

On February 8, 1949, the defendant and his son, Leo Gobin, informed the latter's wife who was called as a state's witness that they were going in the defendant's automobile to Hudson, New Hampshire, to purchase livestock. That evening at 8:15 P. M. defendant's automobile was parked outside the gasoline station of Charles Woodbury and while a young man, later identified as Leo Gobin, was in the rest room, the automobile was driven near a tire rack outside the show window of the station. Later the attendant at the station saw Leo "stoop down beside the tire rack" and then "noticed the other person was around the back of the car. I could see him through the window and he had a tire in his hands." The tire was placed in the car. The attendant made a note that the automobile had Massachusetts registration 733,954 and notified the police. The attendant was unable to identify the "other person" as the defendant because he "didn't see him except in the back of the car." The defendant was identified by the operator of another service station one mile away as the man who called at that station at 8:30 P. M. the same evening and "inquired about directions."

A subsequent check disclosed that two 700 x 15 four ply Mobile Deluxe tires were missing from the Woodbury station and that Massachusetts registration 733,954 was assigned to the defendant. The

next morning the Massachusetts state police obtained a search warrant and discovered two 700 x 15 four ply Mobile Deluxe tires at the place occupied by the defendant in Holden, Massachusetts.

It is a well established rule of criminal law in this state that circumstantial evidence may be sufficient to warrant the finding by a jury of the defendant's guilt beyond a reasonable doubt. *State* v. *White*, 91 N. H. 109, 113; *State* v. *Ellard*, 95 N. H. 217. The absence of a confession or the lack of an eye witness to the commission of the crime is not fatal (*State* v. *Thorp*, 86 N. H. 501, 510) where the identity of the offender and his opportunity to commit the proven crime can be established beyond a reasonable doubt. *State* v. *Burley*, 95 N. H. 77. Circumstantial evidence is not necessarily inferior to direct testimony and there are many recorded instances where it has proven to be of superior accuracy in cases involving identification of criminal offenders. Wigmore, The Science of Judicial Proof (3d *ed.*) ss. 250-254; Safeguards against Erroneous Identification, 14 N. Y. Judicial Council Rep. 233-268 (1948); Wentworth and Wilder, Personal Identification 35, 37 (1932). The fact that the attendant at the gasoline station did not obtain a good view of the "other person" and hence could not identify him as the defendant, did not prevent the jury from finding that it was the defendant from the evidence as a whole. "In the trial of the present case, as in the trial of *State* v. *Kilcoyne*, 82 N. H. 432, the principal issue was that of identity, and it was not essential that each evidentiary fact bearing on that issue should be established beyond a reasonable doubt. The evidence as a whole is sufficient to justify the verdict rendered." *State* v. *Barry*, 93 N. H. 10, 13.

While there is no legal presumption of guilt from the exclusive possession of property recently stolen (*State* v. *Hodge*, 50 N. H. 510, 526) it is some evidence from which the jury may find as a fact that it was stolen by the defendant. See Anno. 68 A. L. R. 187. Defendant's possession of the stolen tires within a few hours after their theft was "a circumstance tending to connect the defendant with the commission of the offense." *State* v. *Fogg*, 92 N. H. 308, 310. "On a charge of taking goods, the fact that A was found, subsequently to the taking, in possession of the goods taken is relevant to show that he was the taker. It is true that several other hypotheses are conceivable as explaining the fact of his possession; nevertheless the hypothesis that he was the taker is a sufficiently natural one to allow the fact of his possession to be considered as evidentiary. There has never been any question of this." 1 Wig. Ev. (3d *ed.*) s. 152.

The exceptions taken by the defendant and certain arguments

made in his behalf in addition to these exceptions have been considered but no merit is perceived in any of them. The defendant received a fair trial free from error. In the imposition of sentence, Laws 1949, *c.* 140, *s.* 2, effective April 13, 1949, which reduces the punishment for larceny of goods less than fifty dollars in value, governs. *State* v. *Arlin*, 39 N. H. 179.

*Exceptions overruled.*

JOHNSTON, C. J., did not sit: the others concurred.