Rockingham,
No. 5695.

STATE

*v.*

RONALD E. BANKS.

Argued November 8, 1967.
Decided November 30, 1967.

*George S. Pappagianis,* Attorney General and *G. Wells Anderson,* Assistant Attorney General ( *Mr. Anderson* orally ), for the State.

*Robert. R. Renfro* ( by brief and orally ), for the defendant.

KENISON, C. J. The defendant on August 8, 1967 moved to dismiss a criminal complaint against him in which he was charged with the crime of burglary committed on June 10, 1967 at Derry, New Hampshire in violation of RSA 583:4. At the probable cause hearing in the Derry district court the defendant was committed to the county jail in default of bail to await the action of the Grand Jury. The defendant's motion for dismissal and release is grounded on the allegations that RSA 583:4 has been repealed by the new burglary statute ( Laws 1967, *c.* 190 ) effective August 8, 1967, and that there is no criminal action enforceable against the defendant by virtue of this repeal. Questions of law raised by the motion were reserved and transferred without ruling by *Leahy,* C. J.

It is the defendant's contention that the Legislature effected a retroactive repeal of RSA ch. 583 and that as a result all persons who commit burglary under RSA ch. 583 prior to August 8, 1967 are free unless they have been arraigned and indicted prior to that date. See RSA 21:38; *State* v. *Arlin,* 39 N. H. 179; *State* v. *Naud,* 73 N. H. 531; *State* v. *Myal,* 104 N. H. 188. An analysis of some of the considerations that prompted the Legislature to enact a new burglary statute ( Laws 1967, *c.* 190 ) may be helpful in assessing the validity of the defendant's contention.

New Hampshire enjoyed the dubious distinction of having "one of the most complicated" burglary statutes in the nation. Note, Statutory Burglary — The Magic of Four Walls and a Roof, 100 U. of Pa. L. Rev. 411, 423 ( 1951 ). In common with some other jurisdictions the crime of burglary in this state was plagued "with meaningless distinctions and aimless definitions" which were a source of difficulty to both prosecution and defense. Note, A Rationale of the Law of Burglary, 51 Colum. L. Rev. 1009, 1030 ( 1951 ). The need for legislative change was emphasized in *State* v. *Mihoy,* 98 N. H. 38, 41, and the "intricacies of our statutes relating to burglary" were pointed out again in *State* v. *Tierney,* 104 N. H. 408, 409. Partly as a result of these criticisms the Legislature decided that a "re-writing" of the law was necessary

in order to improve its administration. N. H. Senate Journal 841 ( May 4, 1967 ). The bill which was introduced and passed without amendment was based on the Model Penal Code prepared by the American Law Institute—Laws 1967, *c.* 190; Model Penal Code *s.* 221.1 ( Tent. Draft No. 11, 1960 ); Model Penal Code *ss.* 221.0 and 221.1 ( Proposed Official Draft, 1962 ).

By Laws 1967, 190:1 the new burglary statute was rewritten and became RSA 583-A:1-5. By Laws 1967, 190:2 the former chapter on burglary RSA ch. 583 is repealed. Laws 1967, 190:3 provides that "This act," which includes both section one and section two of the 1967 statute, "shall take effect sixty days after its passage," on June 9, 1967, which makes the effective date of the new burglary statute and the repeal of the old one August 8, 1967. This clearly indicates that the Legislature was acting prospectively and not retroactively; that the old burglary statute was to apply to all offenses committed before August 8, 1967 and the new burglary statute to all offenses committed after August 8, 1967. Consequently there was no hiatus created by the Legislature in repealing the old burglary statute and creating a new one. See RSA 21:1. This conclusion is reasonable, logical and constitutional. *Ong Chang Wing* v. *United States,* 218 U. S. 272; *Sekt* v. *Justice's Court,* 26 Calif. 2d 297; Annot. 77 A.L.R. 2d 336; Annot. 167 A.L.R. 845. The fact that the new statute increases the criminal penalties in some cases is a further indication that the Legislature did not effect a legislative pardon for all crimes of burglary committed prior to the effective date of August 8, 1967.

The defendant's motion to dismiss should be denied and the order is

*Remanded.*

All concurred.