Original,
No. 6024.

JOHN A. McMICHAELS

*v.*

PARKER L. HANCOCK, WARDEN OF THE STATE PRISON.

February 27, 1970.

*Jerome L. Silverstein* and *Raymond Letourneau* ( of Massachusetts ) ( *Mr. Letourneau* orally ), for the plaintiff.

*George S. Pappagianis*, Attorney General and *Henry F. Spaloss*, Assistant Attorney General ( *Mr. Spaloss* orally ), for the defendant.

GRIFFITH, J. This is a petition for a writ of habeas corpus filed in this court to obtain the release of the petitioner who is confined in the State Prison. The petition first alleges that he was charged with the crime of burglary in violation of RSA ch. 583 and that he waived indictment and pleaded guilty on August 15, 1967. That the offense with which he was charged was committed prior to August 8, 1967 and no charge was pending against him prior to that date. Laws 1967, ch. 190 enacted a new burglary

statute and repealed RSA ch. 583 effective August 8, 1967.

The plaintiff argues that the repeal of RSA ch. 583 barred prosecution of burglaries committed before August 8, 1967 and not pending on the date of the repeal. The claim of the plaintiff is concluded adversely to him by the case of *State* v. *Banks*, 108 N. H. 350, 236 A. 2d 110 decided on precisely the same factual situation.

The petition also claims that at no time prior to accepting his plea of guilty did the Trial Court inquire into the voluntariness of this plea, inform him of his constitutional rights or the possible consequences of his plea. We assume that this is a claim that the plea of the defendant was made without understanding the nature of the charges against him, the possible consequences of his plea, or his constitutional rights.

The authority of this court to issue original writs of habeas corpus authorized by RSA 490:4 is not ordinarily exercised if the Superior Court has the opportunity to exercise concurrent jurisdiction. *LaBelle* v. *Hancock*, 99 N. H. 254, 108 A. 2d 545. However, where the initial action of the Superior Court would be a mere formality we have not hesitated to consider the petition. *Petition of Moebus*, 73 N. H. 350, 62 A. 170. The issue of whether plaintiff's plea of guilty was voluntary is presented to us here as a bare claim with no record of the circumstances under which the plea was taken. We have no way of determining the validity of plaintiff's claim without a record. It follows that initial action in the Superior Court in this case is no mere formality but an absolute necessity to consideration of plaintiff's claim.

Counsel for plaintiff in argument stated that the record of the arraignment, which he apparently has but we do not, did not contain any inquiry by the court of whether plaintiff understood the consequences of his plea. Even were the record of the arraignment before us we could not determine the issue raised since the scope of any hearing on the voluntariness of the plea would not be limited to such record. *State* v. *Herbert*, 108 N. H. 332, 235 A. 2d 524. Since there has been no such hearing in this case the petition is dismissed without prejudice to any proceeding which plaintiff may initiate in the Superior Court. *LaBelle* v. *State*, 108 N. H. 241, 231 A. 2d 480.

*Petition dismissed.*

All concurred.