Original
No. 6809

MICHAEL DUNNE

v.

JOSEPH VITEK, WARDEN OF STATE PRISON

October 31, 1974

*John E. Skorko,* by brief and orally, for the plaintiff.

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney *(Mr. Smith* orally), for the defendant.

PER CURIAM. Petition for habeas corpus filed in this court alleging breach of a plea bargaining agreement. Plaintiff was charged on June 13, 1971, with the crimes of rape, kidnapping and lascivious and unnatural acts. On July 17, 1971, he appeared without counsel, for a probable cause hearing in the Belmont Municipal Court, and alleges that he was denied a continuance to obtain counsel, was told to stand mute and that the probable cause hearing was then held. He also claims that on October 20, 1971, while represented by counsel, he entered a plea of guilty to indictments for rape and unnatural and lascivious acts in accordance with an agreement with the county attorney whereby the county attorney would drop the kidnapping charge and recommend a sentence of not more than five nor less than two years. Plaintiff was committed to the New Hampshire Hospital for observation and on April 25, 1972, it was determined that he was not a dangerous sexual offender. He then obtained new counsel and moved to withdraw his plea of guilty. This was denied and he was sentenced on the rape charge to not more than fifteen years nor less than six years in State prison after the county attorney had recommended a sen-

tence of not more than twenty years nor less than twelve years. The other charges were continued for sentence.

Although it appears to us that the correctness of plaintiff's allegations could have been determined by the State, it has chosen to disclaim knowledge of the plea bargain to put the plaintiff to his proof, and to contend that plaintiff waived his right to counsel at the preliminary hearing. It has long been our practice to dismiss petitions for habeas corpus requiring factual determination without prejudice to any petition which may be filed with the superior court. *McMichaels v. Hancock,* 110 N.H. 168, 269 A.2d 30 (1970); *LaBelle v. State,* 108 N.H. 241, 231 A.2d 480 (1967). Disputes such as this are less likely to arise if at the time a plea is taken, a record is made of the defendant's understanding and acceptance of any plea agreement. *See People v. West,* 3 Cal. 3d 595, 477 P.2d 409, 91 Cal. Rptr. 385 (1970).

This petition is dismissed without prejudice to any petition which may be filed in the superior court where, the history of this case indicates, plaintiff should be heard without delay.

*Dismissed without prejudice.*