Rockingham
No. 79-347

THE STATE OF NEW HAMPSHIRE

v.

GEORGE SAMPSON

March 31, 1980

*Thomas D. Rath*, attorney general (*Steven J. McAuliffe*, assistant attorney general, orally), for the State.

*Shute, Engel & Frasier*, of Exeter (*Francis J. Frasier* orally), for the defendant.

KING, J. Following a hearing on defendant's motions to quash and dismiss certain indictments, the Superior Court (*Batchelder*, J.) referred the questions raised by defendant's motions to this court by interlocutory transfer, without ruling, pursuant to RSA 491:17 and Rule 9 of the Supreme Court Rules. The principal issues before this court are whether a newly-amended criminal statute applies only to offenses committed after its enactment and whether the indictments allege a sufficient "scheme or course of conduct" to allow aggregation of value under RSA 637:2 V(a) for purposes of establishing a basis for a class B felony.

The defendant, George Sampson, has been indicted on seven counts of theft in violation of RSA 637:3. Each indictment alleges that the defendant purposely used and exercised unauthorized control over various credit cards issued to the Rockingham County Sheriff's Department to pay personal expenses. Each indictment also alleges that the value of the property stolen was in excess of $100, a felony under the law applicable on the date of the commission.

The indictments were issued according to the statute in effect when the defendant allegedly committed the illegal acts. Subsequent to their commission, however, and prior to the return of the indictments, the legislature amended RSA 637:3 by raising the value of stolen property necessary to constitute a felony from $100 to $500. *See* RSA 637:11 (Supp. 1979). Thus, it is argued that under the law in effect when the indictments were returned, defendant's alleged criminal acts constitute misdemeanors rather than felonies.

Defendant contends that the law in effect at the time of the indictments, rather than the law in effect at the time of the allegedly illegal acts, determines whether those acts are properly classified as felonies or misdemeanors. Relying on this

interpretation of the law, the defendant moved to dismiss the indictments on the ground that the statute of limitations applicable to misdemeanors had long since run. RSA 625:8 I(c).

■ The defendant bases his contention that the applicable law is that in effect at the time of the indictments on the presumption of law that a statutory amendment has retroactive application to offenses committed prior to its effective date if the purpose of the amendment is either to reduce the maximum penalty for such an offense or to alter sentencing procedures in a manner beneficial to the defendant. *State v. Breest,* 116 N.H. 734, 754–55, 367 A.2d 1320, 1336 (1976); *State v. Gobin,* 96 N.H. 220, 223, 73 A.2d 430, 432 (1950). The application of this legal principle is inapposite in the context of this case, however, because the maximum punishment for a class B felony has not been reduced or amended. *See* RSA 651:2 II(b). The dollar amount necessary for a class B felony has merely been increased. The legislature has recognized that as the value of the dollar decreases, the threshold felony limit based on dollar value must be altered to reflect the degree of punishment and the seriousness of the social wrongdoing afforded class B felonies. *See* N.H.S. JOUR. 607–11, 742 (1977). The alleged offenses, however, were committed at a time when, by legislative enactment, stealing more than $100 worth of property was felonious.

■■ The subsequent amendment did not indicate an intent to reduce the punishment of a class B felony or to apply the legislation retrospectively. Absent such an indication, substantive amendments to criminal statutes operate prospectively. *State v. Banks,* 108 N.H. 350, 236 A.2d 110 (1967). Though a newly-amended criminal statute applies to offenses committed after its enactment, the prior statute remains applicable to all offenses committed prior to the amendment's effective date. *Id., accord McMichaels v. Hancock,* 110 N.H. 168, 269 A.2d 30 (1970). "This conclusion is reasonable, logical and constitutional." *State v. Banks, supra* at 352, 236 A.2d at 111.

■ Moreover, if defendant's theory were adopted, this court would be holding that the legislature intended not just to retroactively impose a less severe punishment for acts still criminal but, as in this case, to excuse the conduct altogether. If the law is applied retroactively to reduce felony offenses to misdemeanors committed prior to its enactment, the one-year

statute of limitations for misdemeanors, RSA 625:8 I(c); RSA 603:1, rather than the six-year limitation for class B felonies, RSA 625:8 I(b) would control. Accordingly, all offenses involving theft of property valued between $100 and $500 committed between August 13, 1971, and August 13, 1976, in which prosecution had not commenced within one year of their commission, would be fully and unconditionally "pardoned." *See* RSA 21:38; 603:1; 625:8 I(c). Surely, no such result was intended. *See* Annot., 77 A.L.R.2d 336, 364, § 14 (1961).

■ ■ Because at the time the defendant is alleged to have stolen property of a value in excess of $100, the statute declared such acts to be class B felonies, the indictments properly allege the commission of class B felonies, not misdemeanors. Because the indictments in this case properly allege the commission of felony offenses, and because prosecution has begun within the applicable six-year statute of limitations, there is no statutory bar. RSA 625:8 I(b).

The defendant next argues that the indictments do not set forth any scheme or course of conduct as a matter of fact or law that can be the basis for aggregating separate, allegedly stolen small amounts to one larger amount for the purpose of establishing a basis for the more serious grade of offense being charged. RSA 637:2 V(a).

■ An indictment is sufficient if it clearly sets out the necessary elements of the offense. *State v. Bussiere*, 118 N.H. 659, 392 A.2d 151 (1978); *State v. Inselburg*, 114 N.H. 824, 330 A.2d 457 (1974). In the instant case, each indictment sets forth the crime charged, the date, the place, the amount stolen, the particular county credit card used, the date of payment by the county of the resulting bill, and the defendant's intent to deprive the county of funds rightfully belonging to it.

■ Defendant argues that there must also be a factual allegation describing a "scheme" or "course of conduct" to justify aggregation of the various itemized charges. Each indictment specifically alleges that the defendant made the unauthorized purchases "in a course of conduct."

RSA 637:2 V(a) specifically provides that:

Amounts involved in thefts committed pursuant to one scheme *or course of conduct*, whether from the same

person or several persons, may be aggregated in determining the grade of the offense.

(Emphasis added.) RSA 625:11 I defines "conduct" as an "action or omission, and its accompanying state of mind, or, a series of acts or omissions." The statute, therefore, contemplates that several acts may constitute one crime if impelled by one intent. *See Commonwealth v. England*, 350 Mass. 83, 87, 213 N.E.2d 222, 225 (1966). *But see State v. Merrill*, 44 N.H. 624, 625 (1863). Whether a series of thefts constitutes independent acts amounting to several misdemeanors or one continuing act amounting to a class B felony, therefore, turns on the defendant's state of mind or intent.

> [W]hen it appears that the successive takings are actuated by a single, continuing, criminal impulse or intent or are pursuant to the execution of a general larcenous scheme, it has been held or stated that such successive takings constitute a single larceny, regardless of the extent of the time which may have elapsed between each taking.

ANDERSON, 2 WHARTON'S CRIMINAL LAW & PROCEDURE § 450 at 76 (1957); Annot., 136 A.L.R. 948, 950 (1942). A determination of the defendant's intent, however, is a question of fact for the jury. Annot., 53 A.L.R.3d 398, § 6 (1973). Whether or not the State can prove to the jury beyond a reasonable doubt that such a continuing intent existed is not before us.

Each indictment alleges a separate series of takings during one course of conduct encompassing a period of days or weeks on separate long trips, each larceny within a series involving property of less than $100 in value but amounting in the aggregate for each long trip to more than $100. The defendant is fully and fairly apprised by the indictments that the series of lesser takings has been charged as one aggregate offense because they were allegedly carried out "in a course of conduct." Accordingly, we hold that the indictments are sufficient to allow aggregation of value under RSA 637:2 V(a) for purposes of establishing a basis for a class B felony.

*Remanded.*

All concurred.