Hillsborough
No. 80-232

THE STATE OF NEW HAMPSHIRE

v.

EDWARD R. DAVIES

May 7, 1981

*Gregory H. Smith*, acting attorney general (*David L. Harrigan*, assistant attorney general, on the brief and *Donald J. Perrault*, assistant attorney general, orally), for the State.

*James A. Connor*, of Manchester, by brief and orally, for the defendant.

KING, J.   The Manchester police charged the defendant, Edward R. Davies, with contributing to the delinquency of a minor in violation of RSA 169:32. After a hearing in the district court, the

defendant was found guilty and fined. The defendant appealed to the Superior Court (*Souter*, J.), which found him guilty after a trial de novo. The defendant then appealed to this court. We reverse.

The defendant, a forty-nine-year-old man, first met the minor's family several years prior to the incident giving rise to this case. At that time, the defendant was friendly with several members of the family. As the result of an incident of misconduct by the minor's older brother, for which the minor's mother blamed the defendant, the minor's mother forbade her boys to associate with the defendant. Despite this warning, the boys continued to see the defendant. There was no evidence that there was anything illegal, immoral, or improper about the defendant's relationship with the fourteen-year-old minor.

The minor spent the entire day of August 6, 1979, with the defendant and a minor friend. When the minor returned home, his mother "grounded" him for seeing the defendant. That evening, the minor ran away from home. Although the defendant denied it, there was substantial evidence to support the conclusion that the minor spent the night at the defendant's apartment. The following day, the defendant took the minor and his friend fishing. While the boys were fishing, the defendant returned home, called the police, and informed them where the minor was fishing. The police went to where the boys were fishing and took the minor into custody. The following day, the police arrested the defendant.

■ The complaint charged the defendant with contributing to the delinquency of a minor in violation of RSA 169:32, in that he allowed the minor to stay at his apartment overnight with knowledge that the boy was missing from home. The legislature repealed RSA ch. 169 effective August 22, 1979, and substituted in its place RSA ch. 169-B (Supp. 1979), RSA ch. 169-C (Supp. 1979), and RSA ch. 169-D (Supp. 1979). Because the defendant's alleged criminal activity occurred prior to August 22, 1979, and while RSA ch. 169 was still in effect, the defendant's conduct must be considered in light of its provisions. *See State v. Sampson*, 120 N.H. 251, 254, 413 A.2d 590, 591 (1980); *State v. Banks*, 108 N.H. 350, 352, 236 A.2d 110, 111 (1967).

■ RSA 169:32 provided that any person who knowingly or wilfully promoted or contributed to the delinquency of a minor would be guilty of a misdemeanor. *Id.* RSA 169:2 III (current version at RSA 169-B:2 II (Supp. 1979)) defined a delinquent as "a child who has committed an offense before reaching the age of eighteen which would be a felony or misdemeanor . . . if committed by an

adult or who is a child who has violated the terms of probation and is expressly found to be in need of counseling, supervision, treatment, or rehabilitation as a consequence thereof." *Id.* Consequently, a person may be convicted of contributing to the delinquency of a minor only if his conduct contributes to the minor's commission of an act which would be a misdemeanor or a felony if committed by an adult or if the minor has been found to be in need of the services described. Our review of the record reveals that neither the complaint nor the evidence presented at the trial indicated that the minor had committed a delinquent act or that he had been found to be in need of services.

The State argues that the legislature did not intend that the definition of delinquency be limited in this way with respect to prosecutions for contributing to delinquency. The State asserts that the contribution to delinquency statute should be construed to prohibit conduct which would encourage or tend to promote the commission of acts by a minor that would lead to a finding that the minor is in need of State supervision and services under RSA ch. 169-C (Supp. 1979) and RSA ch. 169-D (Supp. 1979). These statutes establish certain circumstances which will support a finding that a minor is in need of services. These circumstances range from a minor's truancy from school to those situations where a minor is sexually abused.

We will not disregard the legislative definition of delinquency as expressed in the statute in favor of the broader one advanced by the State. To adopt such an expansive definition of delinquency would do violence to the express statutory definition. Furthermore, to adopt a definition of delinquency which is broader than that contained in the statute and case law interpreting the statute would deny the defendant in this case his due process rights in the sense that he would have been denied fair warning that his conduct constituted a crime. *Douglas v. Buder*, 412 U.S. 430, 432 (1973); *State v. Nickerson*, 120 N.H. 821, 822, 424 A.2d 190, 192 (1980); *State v. Hewitt*, 116 N.H. 711, 712, 366 A.2d 487, 488–89 (1976), *aff'd sub nom. Bisson v. New Hampshire*, 429 U.S. 1081 (1977).

In *State v. Vachon*, 113 N.H. 239, 306 A.2d 781 (1973), *rev'd on other grounds*, 414 U.S. 478 (1974), a majority of this court upheld a conviction for contributing to the delinquency of a minor in the absence of evidence that the minor had committed an offense. In that case, however, the statute punishing the contribution to delinquency of a minor specifically defined delinquency to include activities injurious to the minor's health and morals. *Id.* at

240, 306 A.2d at 783. This is no longer a part of the definition of delinquency, and we will not presume an intention to punish conduct of this sort on the basis of a statute which seeks to impose punishment for conduct that contributes to the commission of a misdemeanor or felony. Finally, even if we were to adopt the State's definition, the defendant's conviction still would require reversal because the complaint does not allege, and the evidence does not establish, that the defendant encouraged the minor to run away from home or that the defendant's allowing the minor to stay overnight on one occasion contributed to the minor's subsequent truancy and repeated attempts to run away.

Accordingly, the defendant's conviction for contributing to the delinquency of a minor is reversed.

*Reversed.*

BROCK, J., concurred specially; the others concurred.

BROCK, J., concurring specially:

Although I believe that the legislature intended to forbid persons such as the defendant from aiding minors in their attempts to hide or run away from their parents, especially when the adult is a person whom the parents have expressly forbidden their children from associating with, I must concur with the majority because I agree that RSA 169:32 does not give individuals fair warning that such activities can result in criminal sanctions. The legislature has the necessary power to enact criminal statutes that would reach the activities complained of in the present case, but under RSA 169:32 it has not done so.