## STATE *v.* ARLIN.

A prosecution was not pending, within the meaning of the act of June 27, 1859, where no indictment had been found, but only preliminary proceedings had been instituted before a magistrate.

Under a former statute, one indicted for robbery was entitled to counsel, process to compel the attendance of witnesses, and other privileges, as incidents to the punishment by law prescribed for the offence ; and the former punishment having been abolished, its incidents fell with it.

INDICTMENT, charging the respondent with having assaulted and robbed one Edward Presba on the fifth day of April, 1859, at Northfield, in this county.

Immediately after the date of the alleged offence, the respondent was arrested upon a complaint and warrant issued therefor by a magistrate, and, after examination had, was duly committed to the county jail, for want of bail for his appearance at the August trial term.

Having been arraigned and pleaded not guilty to the indictment against him, the respondent moved for a blank subpœna, and the other privileges granted by section 3 of chapter 240 of the Compiled Statutes, which motion was denied by the court, and the respondent excepted.

*Everett,* Solicitor, for the State.

*J. H. George,* for the respondent.

. FOWLER, J. The respondent was indicted for the crime of robbery. Under the provisions of the law in force at the date of the commission of the alleged offence, he was liable to be punished, if convicted, by solitary imprisonment not exceeding six months, and confinement for life at hard labor in the State prison. Revised Statutes, ch. 214, sec. 5 ; Compiled Laws 544.

As incident to this severe punishment, he was entitled by the same law to have counsel assigned him by the gov-

ernment, to process to compel the attendance of witnesses, to a copy of his indictment, a list of the jurors who were to try him, &c. Rev. Stat., ch. 225, sec. 3; Comp. Laws 573.

By the act of June 27, 1859, [Laws of 1859, chap. 2221] the punishment for the offence with which the respondent was charged, was reduced to solitary imprisonment, not exceeding six months, and confinement to hard labor in the State prison for not less than seven nor more than thirty years.

This statute having reduced the punishment for the respondent's alleged offence, was entirely unobjectionable in respect to its constitutionality. *Wooart* v. *Winnick*, 3 N. H. 473.

By the 5th section of the act of June 27, 1859, the court are authorized, at the request of a prisoner indicted for robbery, if they think proper, to assign him counsel and furnish him with process to compel the attendance of witnesses in his behalf. In the present case, acting under the discretion vested in them by this section, the court assigned the respondent counsel, but declined to do more; while the respondent insisted that he was entitled to all the privileges to which he could have made claim if he had been indicted and were to be tried under the law in force at the date of the commission of the offence with which he was charged.

The sixth section of the act of June 27, 1859, excepts pending criminal prosecutions from the operations of its provisions, which took effect upon its passage.

The first question to be determined is, whether a criminal prosecution was pending against the respondent at the passage of the aforesaid act. The case finds he was charged with having committed the offence April 5, 1859, immediately after which date he was arrested upon a complaint and warrant, and, after an examination before a magistrate, committed to jail, where he remained until

State *v* Arlin.

indicted at the August trial term of the Supreme Judicial Court for this county. Was there, under these circumstances, any criminal prosecution pending against the re spondent, within the meaning of the act of June 27, 1859, at the date of its passage?

It seems to us clearly not. The proceedings before the magistrate were merely preliminary to a prosecution, designed only to secure the personal appearance of the respondent to abide the action of the grand jury. When they had provided for that result their purpose was accomplished, and they ceased; their function was performed, and they had no longer any potential existence—were no longer pending.

Besides, the whole context of the act shows that only prosecutions pending in court could have been intended by the language of the sixth section. Such were the only prosecutions not to be affected, and to be afterwards conducted and the offenders therein punished in the same manner as if no change in the law had taken place.

But, it is contended, that, notwithstanding the severity of the respondent's punishment was mitigated by the alteration of the statute, he is entitled to the privileges demanded, as incidents to the offence with which he is charged, at the date of its commission; in other words, it seems to be claimed, that, by committing the alleged offence, the respondent acquired a vested right to have counsel assigned him, to be furnished with process to procure the attendance of witnesses, and to enjoy all the other privileges to which he would have been entitled if tried under laws subjecting him to imprisonment for life upon conviction.

This position appears to us wholly untenable. We have no doubt the privileges the respondent claims were designed and created solely as incidents of the severe punishment to which his offence formerly subjected him, and not as incidents of the offence. When the punishment

was abolished, its incidents fell with it ; and he might as well claim the right to be punished under the former law, as to be entitled to the privileges connected with a trial under it.

Nor will this court revise the mere discretion of the court below as to granting process to compel the attendance of witnesses for the respondent. That discretion the law expressly vests in the court where the trial takes place ; and having been exercised, by a denial of the process, no exception lies. *Baker* v. *Davis*, 22 N. H. 27, and authorities.

The exceptions taken to the ruling of the court below must, therefore, be overruled.

*Exceptions overruled.*