Hillsborough,
April 3, 1906.

STATE v. NAUD &amp; a.

A person who has been arraigned upon a criminal charge and is awaiting the
   action of the grand jury has no right to take depositions under section 13,
   chapter 225, Public Statutes.

PETITION, for the correction of alleged error in the ruling of a
justice of the peace.   Transferred from the September term, 1905,
of the superior court by *Peaslee*, J.

The defendant Naud was arraigned before the police court of
the city of Manchester upon a charge of larceny, and was bound
over to await the action of the grand jury at the January term,
1906, of the superior court.   His counsel gave the state notice of
the taking of depositions under section 13, chapter 225, Public
Statutes.   At the return of the caption it appeared that the
defendant proposed to take the deposition of the principal witness
for the state, and the solicitor objected.   The justice ruled that
the deposition be taken, and continued the caption pending a deci-
sion upon this petition.   It was ruled in the superior court that
the defendant had no right under the statute to take the deposi-
tion, and he excepted.

*Edward H. Wason*, solicitor, for the state.

*Cyprian J. Belanger* and *David W. Perkins*, for the defendant.

BINGHAM, J.   When the notice to take depositions was served upon the solicitor, no criminal case was pending against the defendant in which depositions could be taken or used, and the justice of the peace acted without authority of law in ordering the caption to proceed.   At that time the defendant had simply been bound over to await the action of the grand jury.   No indictment had ' been found against him, and whether one ever would be was a question about which nothing could then be known. Section 13, chapter 225, of the Public Statutes, contemplates the pendency of a criminal action in which depositions are to be taken and used, the same as section 1 contemplates the pendency of a civil action when notice is given under it.   *Bundy* v. *Hyde*, 50 N. H. 116, 120; *Kingsbury* v. *Smith*, 13 N. H. 109; *Ela* v. *Rand*, 4 N. H. 54.   Until the defendant was indicted no criminal case was pending against him (*People* v. *Restell*, 3 Hill 289, 294); and as no indictment had been found when the notice was given, the proceeding was void.

*Exception overruled.*

All concurred.