Hillsborough
Nos. 7176, 7177

Manchester District Court
No. 7164

STATE OF NEW HAMPSHIRE

v.

MARK BILL

STATE OF NEW HAMPSHIRE

v.

GLEN FRAZIER

STATE OF NEW HAMPSHIRE

v.

STEVEN A. JASKOLKA

STATE OF NEW HAMPSHIRE

v.

ARTHUR R. RILEY, JR.

October 31, 1975

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,*
assistant attorney general *(Mr. Smith* orally), for the State.

*Leonard, Gall, Prunier, Mazerolle, & Shapiro* and *William J. Groff* and *Stephen J. Frasca (Mr. Frasca* orally) for defendants Bill and Frazier.

*Bossie & Kelly* and *Michael R. Chamberlain (Mr. Chamberlain* orally) for defendants Jaskolka and Riley.

GRIMES, J. The issue in these cases is whether defendants, who were seventeen years of age at the time their respective alleged acts occurred, are entitled to be treated as juveniles under RSA ch. 169 as amended by Laws 1973, 578:1, effective September 3, 1973. The issue arises because of an apparent inconsistency between RSA 169:1 (Supp. 1973) which states that the chapter is applicable to delinquent children as defined in "subparagraph (a) of RSA 169:2, II under the age of seventeen . . ." and RSA 169:2 III (Supp. 1973) which defines a delinquent child as one "whose . . . act or acts of delinquency were committed while he or she was under the age of eighteen . . . ." RSA 169:2 III (Supp. 1973).

Bill and Frazier were separately charged with offenses for acts occurring when they were seventeen years old. Their petitions to be treated as juveniles were denied in superior court and their exceptions were transferred by *King,* J.

Jaskolka and Riley were charged in Manchester District Court with separate offenses for acts occurring when they were seventeen years old. Their motions to be treated as juveniles were denied and the questions of law raised by defendants' exceptions were transferred by *O'Neil,* J.

In 1969 the legislature amended RSA ch. 169 so that the age of delinquency for acts which would constitute a crime was seventeen while that with respect to waywardness and disobedience was raised to eighteen years. Laws 1969, 348:2.

In 1973, on the recommendation of the Governor's Commission on Laws Affecting Children, Senate bill 112 was introduced and as passed by the senate amended RSA ch. 169 by making the age of delinquency uniformly eighteen years. The house amended the bill to retain the 1969 provisions. The senate refused to concur. After a conference committee report, both houses passed the bill as originally passed by the senate.

The next day, which was the day the legislature was to adjourn, the enrolled bills committee made a report recommending two amendments to the bill, which were adopted without debate or explanation by both houses. One amendment struck out section one of the bill and renumbered the remaining sections. The effect of this

was to leave RSA 169:1 unamended, thus retaining the age of seventeen in that section, while changing the age to eighteen in section 2, thus resulting in the apparent inconsistency which creates the issue in these cases. This has now been resolved by an amendment unequivocally setting the age at eighteen. Laws 1975, ch. 502.

In determining the intent of the legislature, we are not bound by any arbitrary canons of construction. *Chagnon v. Union Leader Co.,* 104 N.H. 472, 190 A.2d 721 (1963); *Perkins v. Company,* 90 N.H. 534, 11 A.2d 811 (1940). The absence of debate with respect to the amendments recommended by the enrolled bills committee makes the determination of intent difficult. However, considering that the effect of deleting section one from the bill would not be so readily apparent as to attract attention, the fact that the senate had refused to concur with the house in retaining the age at seventeen, and considering that only the day before the enrolled bills committee's report, both houses had voted to enact the bill as originally passed by the senate which clearly increased the age to eighteen, combined with the fact that changes proposed by the enrolled bills committee are usually limited to technical amendments (P. Mason, Manual of Legislative Procedure § 735 (1970)) makes it improbable that the legislature without debate intended to undo what it had done the day before.

We hold that the defendants came within the jurisdiction of the juvenile court and that their motions should have been granted.

*Exceptions sustained.*

All concurred.