Carroll
No. 7465

Manchester District Court
No. 7413

STATE OF NEW HAMPSHIRE

v.

RONALD F. GOMES

STATE OF NEW HAMPSHIRE

v.

PETER SMAGULA III

September 30, 1976

*David H. Souter,* attorney general, *Gregory H. Smith* and *Robert V. Johnson II,* assistant attorneys general *(Mr. Johnson* orally), for the State.

*Joseph J. Balliro* of Massachusetts, by brief and orally, for defendant Ronald F. Gomes.

*Michael R. Chamberlain,* by brief and orally, for defendant Peter Smagula III.

GRIMES, J. Both cases present the question whether *State v. Bill,* 115 N.H. 605, 347 A.2d 445 (1975), holding that juvenile courts have exclusive jurisdiction over persons whose acts were committed while under the age of eighteen years, applies to these defendants whose cases were pending at the time *Bill* was decided. In addition, the *Gomes* case presents the question if *Bill* does apply to him, what court if any, has jurisdiction and what procedures are applicable since no petition was filed in the juvenile court before his nineteenth birthday. RSA 169:29-a (Supp. 1975).

Ronald F. Gomes was indicted for murder in March 1974 for an act committed in February. He had become seventeen years of age in August 1973. An evidentiary question was transferred to this court and decided on February 27, 1976. *State v. Gomes,* 116 N.H. 113, 352 A.2d 713 (1976). In the meantime, *State v. Bill supra* was decided and on the basis of that case defendant moved to dismiss the indictment. Certain questions raising the aforementioned issues were transferred without ruling by *Douglas,* J.

Peter Smagula III was charged in the district court with disorderly conduct and burglary alleged to have occurred on May 8, 1975, and June 11, 1975, respectively. He was then seventeen. He was denied a continuance to stay the proceedings pending a decision in *State v. Bill supra.* He was found guilty of the misdemeanor and appealed to the superior court. He was bound over on the burglary charge on the same day. He was indicted for burglary but there was an entry of *nolle prosequi* after the decision in *State v.*

*Bill supra.* He became eighteen years of age on October 12, 1975. In November 1975, juvenile petitions were filed in the Manchester District Court for the conduct which formed the basis of the criminal charges before mentioned. The Court, *O'Neil,* J., having doubt whether, under *State v. Bill supra,* the court had jurisdiction, transferred the question here.

Disposing first of the issue which is common to both cases, we hold that the statute as construed in *State v. Bill supra* is applicable to these cases. The State in its brief in each case assumes this to be so. The *Bill* decision decided the meaning of the statute involved as of the time of enactment. Although on occasion this court has applied decisions construing statutes prospectively only, it has done so when to do otherwise would seriously affect individual rights and amount to ex post facto laws. *See State v. Harding,* 114 N.H. 335, 320 A.2d 646 (1974); *Phillips Exeter Academy v. Gleason,* 102 N.H. 369, 157 A.2d 769 (1960). To apply the *Bill* decision retroactively in these cases would deprive no individual of any rights. It follows, therefore, that the indictment in *Gomes* was invalid since it was returned when defendant was entitled to be treated as a juvenile. The district court has jurisdiction in *Smagula* since the petitions were filed before he had attained the age of nineteen years under RSA 169:29-a (Supp. 1975), which it is agreed is applicable to this case.

In *State v. Gomes,* no petitions were filed in the juvenile court before he reached his nineteenth birthday and defendant contends that he cannot be proceeded against in either the juvenile court or the superior court. RSA 169:29-a (Supp. 1975) reads as follows:

> "Jurisdiction Over Certain Persons. The juvenile courts shall have jurisdiction over any person with respect to whom a petition is filed under this chapter before his nineteenth birthday for an alleged delinquency offense committed before his eighteenth birthday. Jurisdiction obtained by a court over a person under this section and all orders affecting him then in force, unless terminated prior thereto by the court, shall terminate when the person reaches nineteen years of age."

Although this statute became effective after the alleged acts of Gomes relied on by the State and after Gomes became eighteen years of age, it is applicable here since it is remedial in nature.

This appears to be in accordance with the understanding of both the State and the defendant.

Gomes became nineteen years of age on August 31, 1975, three days after the effective date of section 29-a (Supp. 1975). No juvenile petition having been filed before Gomes became nineteen, the juvenile court does not have jurisdiction. This does not mean, however, that the State may not proceed against him. The nineteen-year limit is not a statute of limitations on proceedings based on acts occurring prior to the eighteenth birthday, but is rather a delineation of court jurisdiction based on age. "The primary purpose of the Legislature was to shield children . . . from the environment surrounding adult offenders and inherent in the ordinary criminal processes." *State v. Lemelin,* 101 N.H. 404, 406, 144 A.2d 916, 918 (1958). This primary purpose as revealed in section 26 has not changed. RSA 169:29-a (Supp. 1975) simply extended the age from eighteen to nineteen before which a petition could be filed in the juvenile court, thus giving it jurisdiction.

*State v. Lemelin supra,* which was decided when juvenile petitions applied to persons under eighteen, held that after a person attained the age of eighteen years the superior court had jurisdiction if no juvenile petition had been filed even though the acts alleged occurred when the person was under eighteen. The same reasoning applies in the present situation. Section 29-a (Supp. 1975) does not change the basic thrust of the statute and there is nothing to indicate that the legislature intended to divest the superior court of its jurisdiction once the offender reaches his nineteenth birthday. Under the circumstances of this case, it cannot be said that the prosecution deliberately delayed filing a petition in the juvenile court. *See State v. Lemelin supra.* It follows, therefore, that since Gomes has reached his nineteenth birthday, the State may now proceed against him by indictment as with any adult.

Nothing in this opinion should be construed as holding that *State v. Bill supra* applies to persons whose cases were finally disposed of prior to November 30, 1975, thirty days after the date of the *Bill* opinion. *See* RSA 490:16.

*Remanded.*

All concurred.