NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2015-0650


THE STATE OF NEW HAMPSHIRE

v.

DREW FULLER

Argued: May 5, 2016
Opinion Issued: June 14, 2016


Joseph A. Foster, attorney general (Stephen D. Fuller, senior assistant attorney general, on the brief and orally), for the State.


David M. Rothstein, deputy director public defender, of Concord, on the brief and orally, for the defendant.


LYNN, J. The State appeals an order of the Superior Court (Brown, J.) dismissing the charges against the defendant, Drew Fuller. The court ruled that the 2014 amendments to RSA chapter 169-B, which vests jurisdiction over juvenile delinquents ages 17 and under in the family division of the circuit court, apply retroactively to his case. See Laws 2014, 215:3-:13; RSA ch. 169-B (2014 & Supp. 2015). We affirm.

The record reflects the following facts. The defendant was arrested on May 26, 2015, and charged with possession of heroin, changing marks on a firearm, and carrying a firearm in a vehicle without a license. See RSA 318-B:2, I (2011); RSA 159:13 (2014); RSA 159:4 (2014). The State filed informations on the misdemeanor firearm charges on July 16, and a grand jury indicted the defendant on the heroin charge on July 17. The defendant was born on March 10, 1998, and thus, was 17 years old both at the time he allegedly committed the offenses and at the time he was indicted or charged by information for these crimes.

On May 15, 2014, the legislature enacted House Bill 1624, which amended RSA chapter 169-B. See Laws 2014, 215:3-:13, :19-:21, :23-:24. Among other changes, the bill amended RSA 169-B:2, IV, raising the age of a "Delinquent" to include anyone under 18 years of age. See Laws 2014, 215:3. The prior version of the statute defined a "Delinquent" as an individual under the age of 17. See RSA 169-B:2, IV (2014). This change took effect on July 1, 2015. See Laws 2014, 215:28.

In August 2015, the defendant moved to dismiss the charges against him, arguing that the superior court lacked jurisdiction because amended RSA 169-B:2, IV (Supp. 2015) extended the family division's exclusive jurisdiction to include juveniles his age. The State objected and argued that the amendment applied prospectively from its effective date, July 1, 2015. Because the defendant committed the offenses before this date, and when he was 17, the State contended that the former definition of "Delinquent" controlled and, thus, the superior court had jurisdiction.

After a hearing, the superior court ruled that amended RSA 169-B:2, IV applied retroactively to persons who committed offenses before July 1, 2015, but were indicted after that date, and, therefore, the superior court did not have jurisdiction over the defendant. First, the court determined that it need not apply the test articulated in State v. Carpentino, 166 N.H. 9, 12-14 (2014), because the savings statute, upon which the Carpentino test is based, did not apply to the case. See RSA 21:38 (2012). The court reasoned that the savings statute applies if and only if: (1) an act was repealed; (2) a suit or prosecution was pending at the time of the repeal; and (3) the suit or prosecution was for an offense committed under the repealed act or for the recovery of a penalty or forfeiture incurred under the repealed act. The court ruled that the prosecution was not pending at the time of repeal, and that the prosecution was not for an offense committed under the repealed act, nor did it seek a penalty incurred under the repealed act.

The court then applied the common law test of retroactivity, which we have articulated in both civil and criminal cases. See, e.g., Town of Bartlett v.

<u>Furlong</u>, 168 N.H. 171, 179 (2015); <u>State v. Hamel</u>, 138 N.H. 392, 394 (1994). After finding that the legislature was ultimately silent on whether it intended the amendments to apply retroactively, the court examined whether the change was substantive or procedural. It ruled that the change was procedural, and, therefore, could be applied retroactively. It thus granted the motion to dismiss because the superior court did not have jurisdiction over the defendant.

II

On appeal, the State argues that the trial court erred by applying the amendments to RSA chapter 169-B retroactively to the defendant's case, which, it contends, was pending at the time the amendments took effect.

RSA 169-B:3 (2014) provides that the family division[1] "shall have exclusive original jurisdiction over all proceedings alleging delinquency." The statute does not define "delinquency," but, pursuant to the amendments at issue, the current version of RSA 169-B:2, IV (Supp. 2015) provides that a "Delinquent" is "a person who has committed an offense before reaching the age of 18 years which would be a felony or misdemeanor under the criminal code of this state if committed by an adult." Laws 2014, 215:3 (quotation omitted). Prior to the amendments, a "Delinquent" was a person who committed an offense before reaching the age of 17 years. RSA 169-B:2, IV (2014) (quotation omitted). Similarly, after the amendments, RSA 169-B:2, VI (Supp. 2015) now defines "Minor" as "a person under the age of 18." Laws 2014, 215:4 (quotation omitted).

Although RSA 169-B:3 provides the general rule that the family division has jurisdiction over delinquency proceedings, other sections of the statute provide exceptions under which the superior court may have jurisdiction over delinquents or minors. For example, RSA 169-B:4, VII (Supp. 2015) provides: "In any instance in which the statute of limitations has not tolled and no juvenile petition has been filed based upon acts committed before the minor's eighteenth birthday, the state may proceed against the person in the criminal justice system after that person's eighteenth birthday." In addition, RSA 169-B:24, I (2014) provides that "[a]ll cases before the court in which the offense complained of constitutes a felony or would amount to a felony in the case of an adult may be transferred to the superior court" after the circuit court conducts a hearing and considers various factors to "determin[e] whether a case should be transferred."

---

[1] RSA 169-B:3 grants jurisdiction to "[t]he court," which is defined by RSA 169-B:2, III (2014) as "the district court." Effective July 1, 2011, the jurisdiction of the former district court was subsumed by the newly created circuit court, which includes the family division. <u>See</u> RSA 490-F:3 (Supp. 2015).

3

The State argues that "[t]he 'savings clause' [RSA 21:38] applies to prosecutions that are pending on the date that new legislation becomes effective 'unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute.'" (Quoting RSA 21:1 (2012).) Resolution of this issue requires us to interpret the savings statute, RSA 21:38. "We review matters involving statutory interpretation de novo." Carpentino, 166 N.H. at 13. "To determine a statute's meaning, we first examine its language, and ascribe the plain and ordinary meaning to the words used." Id. "We interpret legislative intent from the statute as written and will neither consider what the legislature might have said nor add language that the legislature did not see fit to include." Id. "We interpret a statute in the context of the overall statutory scheme and not in isolation." Id. "We are the final arbiters of the legislative intent as expressed in the words of the statute considered as a whole." Id. "Our goal is to apply statutes in light of the legislature's intent in enacting them and the policy sought to be advanced by the entire statutory scheme." Id.

The savings statute provides: "No suit or prosecution, pending at the time of the repeal of any act, for any offense committed or for the recovery of a penalty or forfeiture incurred under the act so repealed, shall be affected by such repeal." RSA 21:38. We disagree with the State that the savings statute applies to this case because the prosecution against the defendant was not yet pending when the amendments took effect. The State contends that the case against the defendant was pending because he allegedly committed the acts, was arrested, complaints were filed, bail had been set, and the case had been bound over to superior court before the amendments took effect. However, the defendant was not indicted until July 17, 2015, and informations were not filed until July 16 — more than two weeks after the effective date of July 1.

We have said that a prosecution is not pending until a defendant is indicted. In State v. Arlin, 39 N.H. 179, 180 (1859), the question was "whether a criminal prosecution was pending against the respondent" at the time that a law reducing the punishment for the respondent's crime was passed. The respondent "was charged with having committed the offence April 5, 1859, immediately after which date he was arrested upon a complaint and warrant, and, after an examination before a magistrate, committed to jail, where he remained until indicted at the August trial term." Arlin, 39 N.H. at 180-81. The act at issue was passed on June 27. Id. at 181. We held that a prosecution was "clearly" not pending at that time. Id. We reasoned that the proceedings leading up to indictment "were merely preliminary to a prosecution, designed only to secure the personal appearance of the respondent to abide the action of the grand jury. When they had provided for that result their purpose was accomplished, and they ceased; their function was performed, and they had no longer any potential existence." Id.; see also State v. Naud, 73 N.H. 531, 532 (1906) (holding that notice to take depositions

4

was void because "[u]ntil the defendant was indicted no criminal case was pending against him").

Nothing in our case law since has overruled Arlin. For this reason, unlike in Carpentino, in which the defendant had been tried, convicted, and sentenced before the relevant amendment took effect, see Carpentino, 166 N.H. at 11-12, the savings statute does not apply to the instant case because the prosecution was not yet pending on July 1, 2015. Accord State v. Young, 109 P.3d 677, 681 (Haw. 2005) (noting that the prosecutor conceded that the case did not qualify as a pending prosecution within the meaning of Hawaii's savings statute because the indictment was filed after the criminal statute that the defendant allegedly violated had been repealed); State v. Souza, 456 A.2d 775, 778, 781 (R.I. 1983) (holding that "[t]he savings statute does not apply since the action was not pending when the statute was repealed" when repeal occurred before the defendant was charged by information).[2]

We recognize that, even in circumstances where we did not apply the savings statute, we have declined to apply amendments that took effect before a defendant was indicted when the amendment was substantive or there were other factors that demonstrated that the legislature did not intend for the amendment to apply retroactively. See State v. Sampson, 120 N.H. 251, 254 (1980) (holding that legislature did not intend for substantive amendment classifying the defendant's acts as misdemeanors rather than felonies to apply retroactively where: (1) the purpose of the amendment was to reflect the decreasing value of the dollar but the offenses "were committed at a time when, by legislative enactment, stealing more than $100 worth of property was felonious"; and (2) the effect of retroactive application of the amendment would be "to excuse the [defendant's] conduct altogether"); State v. Banks, 108 N.H. 350, 352 (1967) (holding that the repeal of an old statute and enactment of a new statute being made effective on the same day, and the new statute increasing the penalties in some cases "clearly indicate[d] that the Legislature was acting prospectively and not retroactively"). But cf. State v. Gobin, 96 N.H. 220, 222-23 (1950) (applying amendment that was effective in April to defendant who committed the crime in February, but was tried in May). The instant case is distinguishable from Sampson and Banks, however, because the amendments here are procedural in nature.

Having concluded that RSA 21:38 does not apply to this case, we turn to our common law test for determining whether the amendments should be applied retroactively. As a general rule, "statutes are presumptively intended

---

[2] Because the State chose to proceed against the defendant on the misdemeanor charges through the filing of informations in superior court, we consider that to be the start of the prosecution in this case and have no occasion to determine whether the savings statute would apply had the prosecution on the misdemeanor charges remained in the circuit court based upon the complaints initially filed in that court.

to operate prospectively." Town of Bartlett, 168 N.H. at 179 (quotation omitted). This presumption can be overcome if the legislature expresses an intent to apply a statute retroactively or prospectively. Here, except for the effective date, the amendments are silent as to whether they should apply prospectively or retrospectively. See State v. Johnson, 134 N.H. 570, 572 (1991). The State argues that by setting an effective date of July 1, 2015 — over a year after the amendments were passed — the legislature expressed an intent for the amendments to apply only prospectively. In Carpentino, "[w]e f[ound] it difficult to infer legislative intent that an amendment should apply retrospectively when the legislature set an effective date for that amendment nearly six months into the future." Carpentino, 166 N.H. at 15. Although we recognize that the effective date of the RSA chapter 169-B amendments is a factor weighing in favor of their prospective application, this factor is not in itself controlling.

"When the legislature is silent as to whether a statute should apply prospectively or retrospectively, our interpretation turns on whether the statute affects the parties' substantive or procedural rights." Hamel, 138 N.H. at 394. In general, when a law affects substantive rights and liabilities, it is presumed to apply only prospectively. Id. "This presumption, however, reverses when the statute is determined to affect only the procedural or remedial rights of a party." Id. Unlike statutes affecting substantive rights, those affecting procedural or remedial rights are presumed to apply retroactively to cases that, on the effective date of the statute, have not yet gone beyond the procedural stage to which the statute pertains. Id. "Nevertheless, in the final analysis, the question of retrospective application rests on a determination of fundamental fairness, because the underlying purpose of all legislation is to promote justice." Town of Bartlett, 168 N.H. at 179 (quotation omitted).

We hold that the amendments to RSA chapter 169-B are procedural, not substantive. In State v. Gomes, 116 N.H. 591 (1976), we addressed a similar question of whether the expansion of the juvenile court's exclusive jurisdiction over persons whose acts were committed while under the age of 18 years applied retroactively to defendants. Gomes, 116 N.H. at 592. We stated that "[a]lthough this statute became effective after the alleged acts of Gomes relied on by the State . . . it is applicable here since it is remedial in nature." Id. at 593; see also United States v. Mechem, 509 F.2d 1193, 1194-96 (10th Cir. 1975) (per curiam) (concluding that an amendment to the Federal Juvenile Delinquency Act, which required individuals under 16 years of age to be proceeded against under the juvenile statute, applied retroactively to the defendant, stating that "despite the substantive provision, the predominant purpose of the [amendment] is procedural and remedial").[3]

_____

[3] The State urges us to follow the holding of the Massachusetts Supreme Judicial Court in Watts v. Commonwealth, 8 N.E.3d 717 (Mass. 2014), in which that court held that amendments that expanded the jurisdiction of the juvenile court by raising the upper age limit of a "delinquent

This conclusion is consistent with our case law in other contexts in which we have held that statutory amendments expanding the jurisdiction of a court are procedural or remedial. See Town of Bartlett, 168 N.H. at 181 (holding that expansion of jurisdiction of district court to include suits that previously must have been brought in superior court was remedial and did not change parties' substantive rights); Workplace Systems v. CIGNA Prop. & Cas. Ins. Co., 143 N.H. 322, 325 (1999) ("The fact that implementation of the amended [statute expanding subject matter jurisdiction of superior court] may alter the parties' relative positions by allowing the plaintiff to file a declaratory judgment action does not in itself make the amendment substantive."); Smith v. Sampson, 114 N.H. 638, 641 (1974) (holding as remedial an amended statute that changed "the procedure to be followed by the plaintiff to appeal to the superior court the decision made of her possessory rights by the district court . . . even though the actions which determined the substantive rights took place before the statute[] became effective"); Property Owners Ass'n v. Sholley, 111 N.H. 363, 365 (1971) (holding that a statute expanding in personam jurisdiction of the court did not change substantive rights).

The State contends that the amendments are not procedural or remedial and argues that "[t]he amendments do more than simply change the jurisdiction of the proceeding from one forum to another; they change the proceeding entirely" because the defendant would face less severe repercussions from a juvenile petition than he would from a criminal complaint. We acknowledge that the State is correct in noting the general reduction in potential penalties; however, in light of our precedent, see Gomes, 116 N.H. at 593, we are not persuaded that the amendments in this case should be considered substantive rather than procedural.

We also note that, at least with regard to the most serious charge in this case, the State is not precluded from seeking the same punishment that it could have sought prior to the amendments. RSA 169-B:3, which vests the family division with exclusive original jurisdiction over delinquents, is but one part of the statutory scheme. It supplies a default forum for individuals who commit an offense before reaching the age of 18, but the forum can be changed. For instance, pursuant to RSA 169-B:24, I, the State may seek transfer of an offense that constitutes a felony to superior court if the case meets certain criteria. Also, for cases in which the statute of limitations was not tolled and no juvenile petition was filed, the State may proceed in criminal, rather than juvenile court, after a person turns 18 years of age. RSA 169-B:4, VII. In this sense, the amendments at issue impose upon the State nothing more than a procedural hurdle. In many cases, the State may still proceed in

---

child" made substantive, not procedural changes, and, therefore, were applicable only prospectively. Watts, 8 N.E.3d at 719-21. In light of our holding in Gomes, in which we concluded that a statutory change virtually identical to that at issue here was remedial in nature, we decline to follow Watts.

7

superior court if it so chooses, and ultimately, some defendants may face the same repercussions for their actions as they would before the amendments. Cf. Town of Bartlett, 168 N.H. at 181 (holding that amendment "did not change the defendant's substantive rights" because "[h]e was always subject to the same penalties for the violations he committed").

Based upon our holding in Gomes, we conclude that the amendments are procedural, not substantive, in nature. Because the State has not presented sufficient justification for rebutting our presumption that procedural changes apply retroactively, the trial court did not err in applying the amendments to the defendant's case and dismissing the charges against him.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.