**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2020-0237, <u>Mary Jane Re v. Glenn Moir</u>, the court on April 8, 2021, issued the following order:**


Having considered the briefs and record submitted on appeal, we conclude that a formal written opinion is unnecessary in this case. The defendant, Glenn Moir, appeals an order of the Circuit Court-Hooksett District Division (<u>Sadler</u>, J.) ruling that he breached a contract with the plaintiff, Mary Jane Re. On appeal, the defendant's sole argument is that the trial court lacked subject matter jurisdiction.[1] We affirm.

The record supports the following facts. In 2007, the parties purchased a home together, and they lived in the home after they were married in 2008. In 2017, the home was sold via a "short sale." In conjunction with the sale, the lender forgave approximately $60,000 of mortgage debt, resulting in a federal income tax liability of approximately $14,400. Although the parties had separated by this time, they agreed that they would equally share the tax liability.

In 2018, the parties obtained a final divorce decree in the Circuit Court-Manchester Family Division. During the divorce proceedings, the parties did not inform the family division of their agreement regarding the tax liability. Subsequently, the plaintiff brought the action at issue on appeal in the Circuit Court-Hooksett District Division, alleging that the defendant had stopped paying his share of the tax liability, in violation of their agreement. The district division ruled for the plaintiff on the merits, entering a judgment of $6,748, plus costs and interest. This appeal followed.

On appeal, the defendant argues that after a divorce is finalized, the circuit court family division retains continuing, exclusive jurisdiction over matters arising from the divorce, including the allocation of marital property. Therefore, he contends, because the alleged contract arose from the parties' divorce and addressed the allocation of marital debt, the circuit court family division has exclusive jurisdiction over the plaintiff's claim, and the circuit court district division lacked subject matter jurisdiction to decide this case.

"Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the

---

[1] All issues raised in the notice of appeal but not briefed are deemed waived. <u>See</u> <u>Lake Forest R.V. Resort v. Town of Wakefield,</u> 169 N.H. 288, 293 (2016).

conduct of persons or the status of things." Gordon v. Town of Rye, 162 N.H. 144, 149 (2011) (quotation omitted). "The ultimate determination as to whether the trial court has jurisdiction in this case is a question of law subject to de novo review." In the Matter of Muller & Muller, 164 N.H. 512, 517 (2013) (quotation omitted).

In his brief, the defendant relies solely upon the following language from Maldini v. Maldini: "'[N]otwithstanding any law to the contrary,' the family division has exclusive jurisdiction over divorce." Maldini v. Maldini, 168 N.H. 191, 195 (2015) (quoting RSA 490-D:2 (Supp. 2014)). Based on this language, the defendant contends that the circuit court family division has exclusive jurisdiction over the instant case because it involves marital debt. Maldini, however, was quoting RSA 490-D:2, which states, in pertinent part:

> Notwithstanding any law to the contrary . . ., jurisdiction over the following matters shall be exclusively exercised through the judicial branch family division as procedurally jurisdiction was previously exercised in the superior, district, and probate courts:
>
> I. Petitions for divorce, nullity of marriage, alimony, custody of children, support, and to establish paternity.

RSA 490-D:2, I (emphasis added). As the sentence immediately following the sentence relied upon by the defendant concluded: "Accordingly, in this state, original jurisdiction is granted to the judicial branch family division regarding divorce matters." Maldini, 168 N.H. at 195 (quotation omitted) (emphasis added).

At issue in Maldini was whether the superior court had subject matter jurisdiction to interpret or enforce a divorced couple's contract regarding the allocation of joint personal income tax liability. We concluded that it did not, relying upon the grant of exclusive jurisdiction over divorce matters to the judicial branch family division in RSA 490-D:2. There was no issue in Maldini as to whether, after the establishment in 2011 of the circuit court, that grant of jurisdiction applied to the circuit court as a whole or to just the circuit court family division — in either case, the result in Maldini would have been the same. Thus, we did not discuss RSA chapter 490-F, and in our analysis we did not distinguish, and had no reason to distinguish, the former judicial branch family division from the circuit court family division. Similarly, we did not consider, and had no reason to consider, whether jurisdiction over divorce matters is exercisable by all three divisions of the circuit court or by only the family division of the circuit court. Therefore, to the extent that our language in Maldini could be construed to imply that jurisdiction over divorce matters is exercisable solely by the circuit court family division rather than by all three divisions of the circuit court, our statements were dicta. Because the point

2

now at issue was not raised or debated in Maldini, we are not now bound to follow that dicta. See Central Va. Community College v. Katz, 546 U.S. 356, 363 (2006); State v. Barr, 172 N.H. 681, 690 n.7 (2019) (citing Central Virginia Community College v. Katz). Moreover, as explained below, both the plain language of RSA chapter 490-F and cases decided after Maldini support our decision here.

In 2011, the New Hampshire circuit court was established. RSA 490-F:1 (Supp. 2020) states that the circuit court shall be a court of record with statewide jurisdiction. The circuit court consists of three divisions: a probate division, a district division, and a family division. RSA 490-F:3 (Supp. 2020). "The circuit court shall have the jurisdiction, powers, and duties conferred upon the former probate and district courts and upon the former judicial branch family division by RSA 547, RSA 502-A, and RSA 490-D." Id. (emphasis added). "Each circuit court location shall have the authority to hear all cases within the subject matter jurisdiction of the circuit court." RSA 490-F:2. "[R]eferences in statutes involving the jurisdiction of the circuit court to the probate or district courts or to the judicial branch family division . . . shall be deemed to be to the New Hampshire circuit court where it has exclusive jurisdiction of a subject matter . . . ." RSA 490-F:18 (Supp. 2020).

Thus, prior to 2011, RSA 490-D:2 provided that jurisdiction over divorce matters was exclusively exercised through the judicial branch family division. After 2011, however, the judicial branch family division became the former judicial branch family division, and the reference in RSA 490-F:2 to the "judicial branch family division" is now deemed to be to the "New Hampshire circuit court." RSA 490-F:18. Accordingly, RSA 490-D:2 now provides that jurisdiction over divorce matters is exclusively exercised through the New Hampshire circuit court. And pursuant to RSA 490-F:3, each circuit court location has authority to hear all cases within the subject matter jurisdiction of the circuit court.

The Hooksett District Division is a circuit court location. See RSA 490-F:4 (Supp. 2020). Therefore, even assuming, as the defendant argues, that the instant case is a divorce matter, the Hooksett District Division had subject matter jurisdiction over it.

Our decision is consistent with recent case law. In State v. Fuller, 169 N.H. 154 (2016), we stated that RSA 169-B:3 (2014) provides "that the family division shall have exclusive original jurisdiction over all proceedings alleging delinquency." Fuller, 169 N.H. at 157 (quotation omitted). We explained in a footnote that while RSA 169-B:3 grants jurisdiction over proceedings alleging delinquency to "the court," and that "court" is defined by RSA 169-B:2, III (2014) as "the district court,"

3

[e]ffective July 1, 2011, the jurisdiction of the former district court was subsumed by the newly created circuit court, which includes the family division.  See RSA 490-F:3 (Supp. 2015).

Fuller, 169 N.H. at 157 n.1.  Thus, we concluded in Fuller that jurisdiction of the former district court could be exercised by the circuit court family division.  Similarly, here we conclude that jurisdiction of the former judicial branch family division can be exercised by the circuit court district division.

More recently, in Colburn v. Saykaly, 173 N.H. 162 (2020), the defendant, relying in part upon RSA 490-D:2, argued that the circuit court family division had exclusive jurisdiction over all assets owned by either spouse, and therefore the circuit court district division lacked jurisdiction to hear an eviction case involving a home that was marital property subject to ongoing divorce proceedings.  He asked us "to adopt a bright-line rule that, once a divorce petition is filed, the family division has exclusive jurisdiction over marital property vis-à-vis the spouses."  Colburn, 173 N.H. at 165.  We stated that even if the defendant were correct that RSA 490-D:2 grants exclusive jurisdiction to the family division over all assets owned by either spouse, "the legislature has not included his proposed bright-line rule in RSA chapter 490-F, and we will not read one into the statutory scheme."  Id.  We explained that each circuit court location has the authority to hear all cases within the subject matter jurisdiction of the circuit court, and noted that statutory references to the judicial branch family division are now deemed to be to the New Hampshire circuit court where it has exclusive jurisdiction of a subject matter.  Id.  We concluded that the defendant's "proposed bright-line rule would create a rigid barrier that would undermine the flexible design of the circuit court and its divisions."  Id.

We today again conclude that the bright line rule proposed by the defendant would undermine the flexible design of the circuit court and its divisions.  We note, however, that our holding does not mean that each circuit court location must hear and decide on the merits every case over which it has subject matter jurisdiction that may be filed there.  The circuit court consists of three divisions, and provisions of law not inconsistent with RSA chapter 490-F that relate to procedure in civil and criminal matters and practice in the former probate and district courts and the former judicial branch family division still apply to the circuit court.  RSA 490-F:17 (Supp. 2020).  The chapter suggests that the subject matter heard by each circuit court division will ordinarily reflect the subject matter heard by its former corresponding court.  See RSA 490-F:6, II (Supp. 2020) (the assignment of a circuit court judge to a division within the circuit court shall be based upon the judge's knowledge of and expertise in the subject matter of the division); RSA 490-F:6, IV (Supp. 2020) (initially assigning judges of former probate court to probate division, judges of former district court to district division, and judges certified in former judicial

branch family division to both family division and division that corresponds with their initial appointment).  Although each circuit court location has the authority to hear all cases within the subject matter jurisdiction of the circuit court, nothing in RSA chapter 490-F "shall prohibit the reassignment of cases within the circuit court as justice or efficiency requires in the discretion of the administrative judge of the circuit court."  RSA 490-F:2; see also RSA 490-F:19 (Supp. 2020) (circuit court shall be operational based upon a plan of implementation developed by administrative judge of the circuit court and approved by supreme court).  Thus, our decision today does not mean, for example, that divorce cases should routinely be heard in the district or probate divisions rather than in the family division.

In light of the plain language of RSA chapter 490-F and consistent with our recent case law, we conclude that the defendant has failed to demonstrate that the circuit court district division lacked subject matter jurisdiction to hear this case.  Accordingly, we affirm.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**